UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MARK FITCH,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>WARDEN RANDY BLADES, *et. al.*,<br><br>　　　　　　Defendants. | Case No. 1:15-cv-00162-BLW-CWD<br><br>**ORDER** |

**INTRODUCTION**

On October 27, 2016, United States Magistrate Judge Candy W. Dale issued a Report and Recommendation, recommending that the Defendants' Motion for Summary Judgment (Dkt. 29) be granted. No objections have been filed and the matter is ripe for the Court's consideration. *See* Local Civ. R. 72.1(b)(2); 28 U.S.C. § 636(b)(1)(B).

**STANDARD OF REVIEW**

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge." Where the parties object to a report and recommendation, this Court "shall make a *de novo* determination of those portions of the report which objection is made." *Id*. Where, however, no objections are filed, the district court need not conduct a *de novo* review. The Ninth Circuit has interpreted the requirements of 28 U.S.C. § 636(b)(1)(C) stating:

> The statute [28 U.S.C. § 636(b)(1)(C)] makes it clear that the district judge must review the magistrate judge's findings and recommendations *de novo* if objection is made, but not otherwise…."to the extent *de novo* review is required to satisfy Article III concerns, it need not be exercised unless requested by the parties." Neither the Constitution nor the statute requires a district judge to review, *de novo*, findings and recommendations that the parties themselves accept as correct.

*United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (citations omitted); *see also Wang v. Masaitis*, 416 F.3d 993, 1000 & n.13 (9th Cir. 2005). To the extent that no objections are made, arguments to the contrary are waived. *See* Fed. R. Civ. P. 72; 28 U.S.C. § 636(b)(1) (objections are waived if they are not filed within fourteen days of service of the Report and Recommendation). "When no timely objection is filed, the Court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Advisory Committee Notes to Fed. R. Civ. P. 72 (citing *Campbell v. United States Dist. Court*, 501 F.2d 196, 206 (9th Cir. 1974)).

## DISCUSSION

The complete procedural background and facts of this case are well articulated in the Report and Recommendation, and the Court incorporates the same in this Order. Dkt. 29. The Court has reviewed the original briefing of the parties, which consists of only an opening brief by Defendants. Plaintiff failed to respond. As noted above, Plaintiff also failed to object to the magistrate judge's Report and Recommendation. The Court is mindful that the Plaintiff is a *pro se* litigant and, as such, the filings and motions are construed liberally. *See Thomas v. Ponder*, 611 F.3d 1144, 1150 (9th Cir. 2010). That being said, while *pro se* litigants are held to less stringent standards, a litigant's *pro se* status does not excuse him or her from complying with the procedural or substantive

**ORDER - 2**

rules of the court. *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam); *Jackson v. Carey*, 353 F.3d 750, 757 (9th Cir. 2003). As the Ninth Circuit has held "an ordinary *pro se* litigant, like other litigants, must comply strictly with the summary judgment rules." *Thomas*, 611 F.3d at 1150 (citing *Bias v. Moynihan*, 508 F.3d 1212, 1219 (9th Cir. 2007)).

Applying these principles here, this Court has reviewed the entire record in this matter for clear error on the face of the record and none has been found. Moreover, the Court agrees with the Report and Recommendation's recitation of the facts, discussion of the applicable law, analysis, reasoning, and conclusion finding that summary judgment in favor of Defendants is warranted. For these reasons, the Court will adopt the Report and Recommendation, and grant the Motion for Summary Judgment (Dkt. 29).

## ORDER

**IT IS ORDERED:**

1. The Report and Recommendation (Dkt. 37) is ADOPTED IN ITS ENTIRETY and the Defendants' Motion for Summary Judgment (Dkt. 29) is GRANTED.

2. The Court will enter a separate Judgment in accordance with Fed. R. Civ. P. 58.

DATED: January 30, 2017

_____
B. Lynn Winmill
Chief Judge
United States District Court